UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GUY WARLOP, et al.,<br><br>    Plaintiff,<br><br>    v.<br><br>JO LERNOUT, et al.,<br><br>    Defendants. | Civil Action No. 1:05-12058 (PBS) |

## TOLLING AGREEMENT

This agreement is made by and between Guy Warlop, Luc Vangansbeke, and Reginald Pauwels, on behalf of themselves and those similarly situated ("Class Plaintiffs"), and Dexia, S.A. ("Dexia S.A.").

WHEREAS, on October 11, 2005, Class Plaintiffs filed a Complaint in the above-referenced Action alleging various violations of the federal securities laws and naming Dexia S.A. as a defendant;

WHEREAS, Dexia S.A. hereby represents to Class Plaintiffs that it bears no liability for the conduct of Artesia Banking Corporation, S.A. ("Artesia"), which conduct forms the basis for the allegations in the Complaint;

WHEREAS, Dexia S.A. hereby represents to Class Plaintiffs that it assumed none of Artesia's liabilities when Artesia was merged with and assumed the name of Dexia Bank Belgium, currently a subsidiary of Dexia S.A.; and

WHEREAS, based on these representations and for the consideration set forth below, Class Plaintiffs has agreed to dismiss its claims against Dexia S.A., without prejudice to re-file those claims within two years of the date of this Agreement (the "Tolling Period").

IT IS HEREBY STIPULATED AND AGREED by and between Class Plaintiffs and Dexia S.A., through their respective counsel, as follows:

1. **Term**. The term of this agreement (the "Agreement") shall be from the date of this Agreement until two years after the attached Notice of Dismissal of Claims Without Prejudice Against Dexia S.A. is entered by the District Court in the above-captioned action (the "Term"), unless extended in writing by mutual agreement of the parties hereto, provided that if any party hereto shall terminate the Agreement in accordance with the termination procedure set forth below, the term of this Agreement with respect to said party shall be from the date of this Agreement until sixty (60) days after delivery by hand or facsimile to counsel of written termination notice as provided in Paragraph 5.

2. **Dexia Claims**. Class Plaintiffs and Dexia S.A. agree that the running of any statute of limitations or any other defense based on the passage of time shall be tolled and suspended during the Term of this Agreement as to all claims asserted by Class Plaintiffs against Dexia S.A. in its Complaint filed October 11, 2005 (or any claim or defense arising out of the same conduct, transaction, or occurrence set forth in that Complaint). Nothing in this Tolling Agreement shall operate to revive or extend the time for filing any claim that was already time-barred or barred by a time-related defense as of the date of this Agreement.

3. **Notice**. At least 10 days prior to asserting or reasserting any claims against Dexia S.A., as described above, Class Plaintiffs will notify Dexia S.A. of their intention to do so.

4. **Termination**. Class Plaintiffs or Dexia S.A. may terminate this Agreement by providing written notice thereof to the other party of its decision to terminate this Agreement. In the event such notice is given, this Agreement shall terminate sixty (60) days after delivery by hand or facsimile of such notice by counsel for the other party. Upon termination of this Agreement, each party shall be restored to its position as of the date of this Agreement with respect to the statute of limitations, which will resume running.

5. **Persons to Be Given Notice**. Any communication between Class Plaintiffs and Dexia S.A. in connection with this Agreement shall be addressed to their respective counsel that are signatories to this Agreement at the addresses listed below, and delivered by confirmed facsimile transmission or electronic means, with a copy sent by messenger or overnight delivery service.

6. **Agreement to Maintain Documents**. Class Plaintiffs and Dexia S.A. agree to take reasonable measures to maintain any and all of their documents during the pendency of this Tolling Agreement that relate to (a) loans Artesia provided to Lernout & Hauspie Speech Products N.V., and its directors and officers, from 1998 through and including November 29, 2000, and (b) the merger of Artesia with Dexia Bank Belgium. In the event that Class Plaintiffs seek to obtain discovery from Dexia S.A. during the Tolling Period, the undersigned counsel for Dexia S.A. agrees to accept service of any such discovery request. Accepting service of any discovery request will not constitute or be argued to constitute a waiver of any right Dexia S.A. may have under the laws of any jurisdiction, including the availability of any objection to the discovery sought. The parties further agree that discovery directed to Dexia S.A., if any, may

3

not commence earlier than the date when Class Plaintiffs are permitted to commence merits discovery against defendants in this Action.

7. **Agreement Does Not Waive Any Other Defenses**. This Tolling Agreement shall not in any manner waive any rights, defenses, claims or causes of action which either party has against the other party, except as provided for in paragraph 2 of this Agreement.

8. **Agreement Not An Admission**. This Tolling Agreement and all discussions in pursuance thereof shall not be deemed to be an admission by either party that valid claims or defenses exist against either party, and shall not be offered or received into evidence in any litigation between the parties except as is necessary to enforce the terms of this Tolling Agreement.

9. **Agreement Binding on Successors**. The provisions of this Tolling Agreement will be binding on the successors and assigns of each party to this Tolling Agreement.

10. **Integration Clause**. This Tolling Agreement contains the full and complete Agreement between and among Class Plaintiffs and Dexia S.A. and may not be altered except in a writing executed by representatives of the parties.

11. **Governing Law**. This Tolling Agreement shall be construed and interpreted in accordance with the laws of the Commonwealth of Massachusetts, without giving effect to its conflicts of laws doctrine.

12. **Rule of Construction**. This Tolling Agreement shall not be strictly construed against either party on the ground that the rules for the construction of contracts requires resolution of any ambiguity against the party drafting the document.

13.   **Counterparts**.  This Tolling Agreement may be executed in one or more counterparts, each of which shall be deemed an original but also which together shall constitute one and the same instrument.

Dated as of: July 13 2006

_____
James B. Weidner
Jeff E. Butler
CLIFFORD CHANCE LLP
31 W. 52nd St.
New York, New York 10019
Telephone: 212-878-8000
Facsimile: 212-878-8375

*Counsel to Dexia, S.A.*

_____
Thomas M. Sobol
David S. Nalven
HAGENS BERMAN SOBOL SHAPIRO LLP
One Main Street
4th Floor
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 5th Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Steven J. Toll
Mark S. Willis
Matthew K. Handley
COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

Robert M. Roseman
Andrew D. Abramowitz
Rachel E Kopp
SPECTOR, ROSEMAN, & KODROFF, P.C. Suite 2500
1818 Market Street
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

*Co-Lead Counsel for Class Plaintiffs*